UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER, PARTNERSHIP FOR THE ADVANCEMENT OF NEW AMERICANS, ALEXANDER DOE, MOHAMED DOE, TYSON DOE, and NINA DOE, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>      Defendants. | Civil Action No. 26-cv-11201-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On January 14, 2026, the Department of Homeland Security published notice that Secretary Noem had concluded that "Somalia no longer continues to meet the conditions for designation for Temporary Protected Status" ("TPS") pursuant to 8 U.S.C. § 1254a, and that the nation's designation for Temporary Protected Status would be terminated following its expiration on March 17, 2026. Termination of the Designation of Somalia for Temporary Protected Status, 91 Fed. Reg. 1547 (Jan. 14, 2026). On March 9, 2026, Plaintiffs filed the

instant action, challenging the termination of Somalia's designation for TPS pursuant to the Administrative Procedure Act, [ECF No. 1 ("Compl.") ¶¶ 262–313], and the Constitution, [id. ¶¶ 314–20]. Presently before the Court is Plaintiffs' emergency motion, [ECF No. 3], seeking an administrative stay of the termination of Somalia's TPS designation, production of the certified administrative record, and postponement of the March 17, 2026, effective date of the termination. [Id. at 1–2].

## I.   DISCUSSION

This action was filed fewer than ten days before the termination of Somalia's TPS designation is scheduled to take effect. As of the entry of this Order, Defendants have not appeared in the action, produced the certified administrative record on which the Court must rely in deciding the merits, see Atieh v. Riordan, 727 F.3d 73, 77 (1st Cir. 2013), or filed a brief setting forth their position on Plaintiffs' emergency motion. The Court notes that the consequences of either granting or denying Plaintiffs' motion to postpone the effective date of the termination would be weighty: Plaintiffs aver that if Somalia's TPS designation is allowed to terminate, over one thousand people will face "a myriad of grave risks," including detention and deportation, physical violence if removed to Somalia, and forced separation from family members. [Compl. ¶¶ 9–10]. On the other hand, if the Court postpones the effective date of a decision committed to the executive branch by Congress, see 8 U.S.C. § 1254a(b)(3)(B), it risks harmful interference with its coordinate branches of government. See Trump v. CASA, Inc., 606 U.S. 831, 861 (2025).

In similar situations, other district courts have used administrative stays "to permit time for briefing and deliberation," United States v. Texas, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) (discussing purpose of appellate-court administrative stays of lower-court decisions).

See, e.g., Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget, 763 F. Supp. 3d 13, 17 (D.D.C. 2025) (collecting cases). Such stays reflect a "first-blush judgment about the relative consequences of staying the [agency action] versus allowing it to go into effect." United States v. Texas, 144 S. Ct. at 798 (Barrett, J., concurring). On the record now before it, the Court concludes that those relative consequences favor an administrative stay to permit Defendants to produce the certified administrative record and the parties to brief the issues presented by Plaintiffs' emergency motion.

In light of the serious interests on both sides, the Court will require the parties to establish and comply with a prompt briefing schedule with the goal of resolving Plaintiffs' emergency motion for preliminary relief as quickly as possible.

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs' emergency motion, [ECF No. 3], is **GRANTED IN PART**. The Court will implement an administrative stay and defer ruling on postponement until the administrative record has been produced and the parties have fully briefed the issues presented. The March 17, 2026, effective date of the termination of Somalia's TPS designation, published at 91 Fed. Reg. 1547, is hereby **STAYED** subject to further order of the Court. While the stay is in effect, the termination shall be null, void, and of no legal effect. Individuals with TPS status based on Somalia's designation shall retain all rights and protections afforded by TPS status, including eligibility for work authorization and protection against deportation and detention based on TPS status, and individuals with pending TPS applications based on Somalia's designation shall retain all rights and protections afforded to persons with pending TPS applications, including eligibility for work authorization and protection against deportation based on a pending TPS application.

Plaintiffs are **ORDERED** to serve a copy of this Order, along with the summons and complaint, on Defendants by **5:00 p.m. EDT** on **March 16, 2026**, if they have not already done so. The parties are instructed to confer to establish a schedule for briefing and production of the administrative record and file such schedule with the Court by no later than **5:00 p.m. EDT** on **March 18, 2026**.

**SO ORDERED.**

March 13, 2026

/s/ *Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE