UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AFRICAN COMMUNITIES TOGETHER, et al.,

          Plaintiffs,

         v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*, et al.,

          Defendants.

Case No. 26-cv-11201-ADB

## DEFENDANTS' MOTION TO LIFT ABEYANCE AND LIFT ADMINISTRATIVE STAY

This case was held in abeyance pending the Supreme Court's ruling in two consolidated cases involving the same statutory review bar, 8 U.S.C. § 1254a(b)(5)(A), and the same type of challenged government action—namely, the termination of a country's Temporary Protected Status ("TPS") designation—at issue in this case. The Supreme Court has now issued that ruling, which clearly and conclusively holds that § 1254a(b)(5)(A) "applies to all non-constitutional claims," and makes clear that equal protection claims of the type asserted in this case are unlikely to succeed on the merits. *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 at *10, *13 (U.S. June 25, 2026). Having received this decision, there is no longer any sound basis or plausible need to keep holding this matter in abeyance and delaying resolution of the case. The Supreme Court's decision similarly warrants immediately lifting the administrative stay, which this Court issued more than three months ago based on its "first-blush judgment" that the "relative consequences" of pausing the termination of Somalia's TPS designation versus allowing it to go into effect favored an administrative stay pending resolution of Plaintiffs' § 705 motion. Doc. No. 33 at 3 (citation omitted). The Court now has more than sufficient direction to promptly rule on and deny

Plaintiffs' motion in light of the Supreme Court's decision, which in all events shows that interim relief pausing the Secretary's TPS determinations—including by virtue of an administrative stay—is inappropriate. Thus, to promote the efficient litigation of this matter, adhere to the Supreme Court's recent decision, and for the reasons further explained below, the Court should lift the abeyance and administrative stay forthwith.

Moreover, the Supreme Court's ruling clearly establishes that this Court lacks authority to adjudicate Counts One through Six of Plaintiffs' Complaint, each of which alleges a non-constitutional violation of the Administrative Procedure Act ("APA"). The Supreme Court also determined that the plaintiffs in one of the consolidated cases – *Trump v. Miot,* No. 25-1084, 2026 WL 1825849 at **11-13 – are unlikely to succeed on their claim of a violation of the constitutional right to equal protection and therefore are not entitled to interim relief. The claims in *Miot* are similar to those advanced by Plaintiffs here. *See* Doc. No. 1 at 91-94 (Counts Seven and Eight). Accordingly, given that Plaintiffs are unlikely to succeed on any of their claims, the Court should lift the administrative stay.

## BACKGROUND

On March 9, 2026, Plaintiffs filed an emergency motion pursuant to 5 U.S.C. § 705 seeking an administrative stay, and ultimately postponement, of the termination of Somalia's TPS designation, which otherwise would have taken effect at 11:59 p.m. on March 17, 2026. Doc. No. 3. On March 13, 2026, the Court issued an order implementing an administrative stay and deferring ruling on the postponement motion until the administrative record had been produced and the parties had fully briefed the issues presented. Doc. No. 33. On April 1, 2026, Defendants produced the administrative record, Doc. No. 42, and the parties thereafter engaged in further briefing. Doc. Nos. 43, 55, 64. On April 29, 2026, the Court entered an order requiring the parties

to advise the Court by noon on May 1, 2026, whether they opposed staying the litigation pending a decision by the Supreme Court in *Mullin v. Doe,* No. 25-1083, and *Trump v. Miot,* No. 25-1084. Both parties advised the Court that they did not oppose the stay. *See* Doc. Nos. 71, 72. The Court thereafter stayed this action until the Supreme Court issued a decision in *Doe* and *Miot,* observing that it was doing so partly "in light of the fact that the question at issue in this case 'will, in all likelihood, turn upon [the Supreme Court's decision in a recently argued case]," citing *Marshel v. AFW Fabric Corp.,* 552 F.2d 471, 472 (2d Cir. 1997) (per curiam). Doc. No. 73. The Court ordered that the parties file a joint status report within fourteen days of the Supreme Court's decision, and further ordered that the administrative stay would remain in effect until the Court orders otherwise. *Id.*

On June 25, 2026, the Supreme Court issued its decision in the consolidated cases. *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 (U.S. June 25, 2026). The Supreme Court first held that "the TPS statute's judicial-review bar," 8 U.S.C. § 1254a(b)(5)(A), "applies to all non-constitutional claims." *Id.* at *10. In so doing, the Supreme Court specifically rejected the argument "that § 1254a(b)(5)(A) applies only to substantive claims, not those based on alleged procedural errors." *Id.* at *8. It similarly rejected the argument that § 1254a(b)(5)(A) applies to "only the Secretary's ultimate 'determination'—not any subsidiary decision, such as whether to consult other agencies." *Id.* at *10.

The Supreme Court also held that the Haitian plaintiffs in *Miot* were unlikely to prevail on their claim that the termination of Haiti's TPS designation violated the constitutional right to equal protection. *Id.* at *11-*13. It assumed without deciding that the claim was subject to judicial review at all, and likewise "assume[d] for the sake of argument that the *Arlington Heights* standard applies" to such a claim and therefore sought to "determine whether a 'discriminatory purpose

3

[was] a motivating factor in the decision' to terminate Haiti's TPS designation." *Id.* at *11 (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977)). It then reviewed the Haitian plaintiffs' supporting evidence—principally, "statements made by the President and former Secretary Noem"—and concluded that it was insufficient to show "that race was a motivating factor in the decision to terminate Haiti's TPS designation." *Id.* at *11-*13. The Court held that the "present administration's general stance on immigration and its obvious antipathy toward past administrations' TPS policies" constituted "a strong, race-neutral explanation of these officials' statements." *Id.* at *12. The Supreme Court therefore held that the Haitian plaintiffs were "not entitled to interim relief on their equal protection claim," because they were "unlikely to prove that race was a motivating factor in the decision to terminate Haiti's TPS designation." *Id.* at *13.

## ARGUMENT

The Court should lift the abeyance and the administrative stay.

**1.** The Court should lift the abeyance forthwith. Although this Court's abeyance order stayed these proceedings pending "the Supreme Court's ruling in" *Doe* and *Miot* and ordered that the parties file a joint status report within fourteen days of that event setting forth their positions on appropriate next steps in the litigation, Doc. No. 73, "[i]n no event does such an order bar a party from" seeking to lift an abeyance "upon an appropriate application." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) (citation omitted).[1] Similarly, just as a district court has "inherent" authority to stay its own proceedings, *Landis v. N. Am. Co.*, 299 U.S. 248,

---

[1] Although *Lehman* addressed an order administratively closing a case, "administratively closing a case 'is the functional equivalent of a stay.'" *Psara Energy, Ltd. v. Advantage Arrow Shipping, LLC*, 946 F.3d 803, 807 (5th Cir. 2020) (citation omitted).

254 (1936), it likewise "retains the authority" to lift the stay "if the circumstances that sparked the [stay] abate." *Lehman*, 166 F.3d at 392; *see also Green v. Cosby*, 177 F. Supp. 3d 673, 681 (D. Mass. 2016) ("the court retains the ability to modify or dissolve the stay"). Here, the circumstances that warranted the abeyance—i.e., waiting for guidance from the Supreme Court—have abated now that the Supreme Court has issued a clear and conclusive decision in *Doe* and *Miot*. Because there is no persuasive reason to wait any longer, the Court should lift the abeyance.

**2.** Once the Court lifts the abeyance, Defendants respectfully request that it lift the administrative stay. An administrative stay ordinarily reflects a court's exercise of its inherent authority "to stay a judgment that it issued" and—in some cases— "the judgment of another court." Rachel Bayefsky, *Administrative Stays: Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1962 (2022). But even if an administrative stay was a permissible means for a district court to temporarily pause or otherwise restrain Executive agency action, there is no longer any valid justification for maintaining the one entered in this case. The Court issued the administrative stay more than three months ago, but "an administrative stay is supposed to be a short-lived prelude" to ruling on the motion for interim relief and therefore "should last no longer than necessary to make an intelligent decision on the motion." *United States v. Texas*, 144 S. Ct. 797, 799 (2024) (Barrett, J., concurring). Moreover, the Court issued the administrative stay based on its initial determination that the "relative consequences" of staying the termination of Somalia's TPS designation versus allowing it to go into effect "favor[ed] an administrative stay to permit Defendants to produce the certified administrative record and the parties to brief the issues presented by Plaintiffs' emergency motion." Doc. No. 33 at 3. The Supreme Court's decision in *Doe* and *Miot*, however, has altered the calculus by making clear that Plaintiffs will fail to succeed on their claims in this case. Plaintiffs cannot succeed on their non-constitutional claims, as the

5

Court lacks authority to review them. And Plaintiffs are unlikely to succeed on their equal protection claims, as their supporting evidence and arguments are materially indistinguishable from those that the Supreme Court found unavailing in *Miot*. Here, just as in *Miot*, the termination has "a strong, race-neutral explanation" that leaves Plaintiffs "unlikely to prove that race was a motivating factor in the decision to terminate [Somalia's] TPS designation." *Doe*, 2026 WL 1825840, at \*12-13. "[T]he underlying merits" may "influence" the determination whether to grant or deny an administrative stay, *Texas*, 144 S. Ct. at 799 (Barrett, J.), and they plainly warrant lifting the one entered here.

### CONCLUSION

For the foregoing reasons, the Court should lift the abeyance and lift the administrative stay.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated:  July 1, 2026          By:          */s/ Robert E. Richardson*
ROBERT E. RICHARDSON
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3247
Robert.richardson@usdoj.gov

### LOCAL RULE 7.1 CERTIFICATION

I certify that I conferred with counsel for Plaintiffs, who oppose this motion.

*/s/ Robert E. Richardson*
ROBERT E. RICHARDSON
Assistant U.S. Attorney

6

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney