**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AFRICAN COMMUNITIES TOGETHER, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al., <br><br> *Defendants*. | Civil Action No. 1:26-cv-11201-ADB |

## JOINT STATUS REPORT

Pursuant to the Court's order, ECF No. 73, to hold the proceedings in abeyance and to maintain the administrative stay pending the Supreme Court's ruling in *Mullin v. Dahlia Doe*, No. 25-1083, —S Ct.—, 2026 WL731088 (U.S. Mar. 16, 2026), and *Trump v. Miot*, No. 25-1084, — S. Ct. —, 2026 WL 731087 (U.S. Mar. 16, 2026) (together "consolidated cases"), the Parties respectfully submit this Joint Status Report addressing their respective positions regarding appropriate steps in this litigation, to propose a briefing schedule, and request a new hearing date. In compiling this Joint Status Report, the Parties met and conferred on June 29 and exchanged two draft reports via email.

### I.    BACKGROUND

On January 14, 2026, the Secretary of Homeland Security announced her decision to terminate the TPS designation for Somalia ("Termination"), effective upon the expiration of Somalia's designation on March 17, 2026. Plaintiffs filed this lawsuit to challenge the Secretary's decision, ECF No. 1, and a motion to postpone the TPS termination on March 9, 2026, ECF No. 12. This Court issued an administrative stay of the termination on March 13, 2026, pending a hearing on Plaintiffs' motion scheduled for May 4, 2026. ECF No. 33. Defendants produced the administrative record on April 1, 2026. Plaintiffs challenged redactions made to the administrative record via a motion to compel, filed on April 24, 2026, which remains pending before the Court.[1] ECF No. 65. On July 2, 2026, the Court ordered Defendants to (1) file, ex parte, unredacted copies of each of

---

[1] A motion for leave to proceed under pseudonym, ECF No. 2, also remains pending before the Court.

the disputed documents for the Court to review, and (2) file any opposition to the motion to compel by July 9, 2026. ECF No. 78.

On April 29, 2026, this Court requested the Parties' positions regarding staying the proceedings and postponing the scheduled hearing pending a decision in the consolidated cases. ECF No. 70. The Parties did not oppose a stay of proceedings, and this Court stayed proceedings on May 1, 2026, and further ordered the Parties to submit a Joint Status Report within fourteen days after the Supreme Court issued its decision in *Mullin v. Doe*. ECF No. 73. On July 1, 2026, Defendants filed a motion to lift both the stay of proceedings and the administrative stay given the Supreme Court's June 25, 2026, decision in that case. ECF No. 77. The next day, on July 2, 2026, the Court entered an order granting Defendants' request to lift the stay of the proceedings but denying its request to lift the administrative stay. ECF No. 78. The Court determined that the administrative stay will remain in place to permit the Court to resolve the issues presented by Plaintiffs' emergency motion. *Id.*

## II.   THE IMPACT OF THE SUPREME COURT'S DECISION ON THE PROCEEDINGS

The Supreme Court issued its decision in the consolidated cases on June 25, 2026. *See Mullin v. Doe*, No. 25-1083, 609 U.S. —, 2026 WL 1825840 (U.S. June 25, 2026). The Court held that the Plaintiffs-Appellees' Administrative Procedure Act ("APA") claims were barred by the TPS statute's judicial-review bar, 8 U.S.C. § 1254a(b)(5)(A). 2026 WL 1825840, at *10. On Plaintiffs-Appellees' equal protection claim, the Court assumed it had jurisdiction to review the claim but held that the Plaintiffs-Appellees were not likely to succeed on the merits. *Id.* at *11-13.

The Parties agree on the following regarding the impact of the Supreme Court's decision in the consolidated cases:

1.  The TPS statute's judicial-review bar, 8 U.S.C. § 1254a(b)(5)(A), precludes non-constitutional challenges to terminations effectuated under the TPS statute; and
2.  The Supreme Court did not resolve the question of whether the TPS statute's judicial-review bar, 8 U.S.C. § 1254a(b)(5)(A), applies to constitutional claims.

### A. <u>PLAINTIFFS' POSITION</u>

As contemplated by this Court's orders, Plaintiffs request supplemental briefing on their claims and the opportunity to amend their pleadings in response to the Supreme Court's decision.

Plaintiffs' constitutional claims—that the Secretary's termination of TPS for Somalia was contrary to a constitutional right under the APA and violated the Fifth Amendment's guarantee of

equal protection under the law—provide a sufficient basis for this Court to postpone the Secretary's termination, and grant Plaintiffs the relief requested in their Complaint.[2]

Plaintiffs are entitled to postponement because the Termination violates the Fifth Amendment's guarantee of equal protection of the laws.

*First*, *Mullin* leaves undisturbed the ability to bring constitutional challenges to terminations of TPS designations. *Mullin*, 2026 WL 1825840, at *10. In *Mullin*, the Supreme Court noted its prior holding in *Webster v. Doe*, 486 U.S. 592 (1988), that a statutory bar on judicial review of agency action does not apply to a plaintiff's constitutional challenge brought under the APA. *Mullin*, 2026 WL 1825840, at *10 (quoting *Webster*, 486 U.S. at 603).

*Second*, Plaintiffs are likely to succeed on the merits of their equal protection claims. The Court assumed that strict scrutiny under *Vill. of Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252 (1977), governs Plaintiffs' discrimination claims. *Mullin*, 2026 WL 1825840, at *11. Under this standard, Plaintiffs must show that "a discriminatory purpose [was] a motivating factor" in the challenged government action. *Arlington Heights*, 429 U.S. at 265-66. This discriminatory purpose need not be the "sole[]," "dominant," nor "primary" motive. *Id.* at 265. And this Court must undertake the "sensitive inquiry" *Arlington Heights* demands. *Id.* at 266.

Contrary to Defendants' arguments in their motion to lift the abeyance and to lift the administrative stay, Plaintiffs' evidence of racial discrimination in this case speaks directly to discrimination against Somali people and the termination of Somalia's TPS designation; it is thus distinct from the evidence considered in *Mullin*. Plaintiffs will further address the Supreme Court's opinion in *Mullin* and why the facts here are distinguishable in their supplemental briefing.

In addition to seeking postponement based on Plaintiffs' claims, Plaintiffs also plan to seek to amend their complaint under Fed. R. Civ. P. 15 to add claims that were not before the Supreme Court and therefore remain outside the Court's holding in the consolidated cases, including a claim that the termination of TPS for Somalia violated Plaintiffs' Fifth Amendment procedural due process rights.

### B.  **DEFENDANTS' POSITION**

Plaintiffs are not entitled to postponement based on their claims that the Termination violates the Fifth Amendment's guarantee of equal protection of the laws.

*First,* Plaintiffs are unlikely to succeed on their equal protection claims, as their supporting evidence and arguments are materially indistinguishable from those that the Supreme Court found unavailing in *Miot.*  Indeed, in assessing the plaintiffs' equal protection claim in *Miot,* the Supreme Court determined that it did not need to decide whether the deferential test it

---

[2] The sole exception is Plaintiffs' second prayer for relief, which is not tied to the constitutional claims.

used in *Trump v. Hawaii,* 585 U.S. 667 (2018), or the heightened scrutiny test it employed in *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252 (1977), applied, because even under the heightened standard of *Arlington Heights* the plaintiffs were unlikely to prevail on their equal protection claim.  2026 WL 1825840 at *11-13.  The *Miot* plaintiffs relied on comments made by government officials – including President Donald Trump and former Secretary of Homeland Security Kristi Noem – that are materially indistinguishable from those Plaintiffs rely on to support their equal protection claims in this case.  *See id.*  The Supreme Court's conclusion that "[n]one of the cited statements by either the President or Secretary [were] overtly racial, and in substance all expressed policy views that could rest on race-neutral justifications" describes evidence and statements upon which Plaintiffs seek to rely in this case just as well as the evidence and statements in *Miot.  Id.* at *12.  And here, just as in *Miot,* the "present administrations' general stance on immigration and its obvious antipathy toward past administrations' TPS policies" constitute "a strong, race-neutral explanation of these officials' statements."  *Id.*  As such, Plaintiffs will not succeed on their equal protection claims as well.

*Second,* although the Supreme Court did not decide whether the judicial-review bar applies to constitutional claims, § 1254a(b)(5)(A) bars the equal protection claims as well.  *See id.* at *13-16 (Thomas, J. concurring) (concluding that the bar's text – "no judicial review" – reaches constitutional claims).

### III.    PARTIES' PROPOSED BRIEFING SCHEDULE

The Parties separately propose schedules for additional briefing and a hearing date for resolution of Plaintiffs' Motion for Postponement, ECF No. 12.

Plaintiffs propose the following schedule, which provides sufficient time for Plaintiffs to file the amended complaint and supplemental postponement motion. This schedule also accommodates counsel's unavailability due to an appellate argument, a class certification hearing, and out-of-office periods which were all previously scheduled during this same period.

- 7/30/2026: Plaintiffs file supplemental briefing that addresses the impact of the Supreme Court's decision and amended pleadings.
- 8/13/2026: Defendants submit supplemental responsive briefing on Plaintiffs' Motion for Postponement.
- The week of 8/24/2026: this matter will be fully briefed and ready for the Court to set a hearing date.

Defendants are seeking a more expedited schedule than Plaintiffs and propose the following schedule with respect to Plaintiffs' Motion for Postponement:

- 7/16/2026: Plaintiffs file supplemental briefing.
- 7/23/2026: Defendants submit supplemental briefing.

## IV.    CONCLUSION

The parties respectfully request that the Court set a schedule for briefing and a hearing on the pending motions.