UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AFRICAN COMMUNITIES TOGETHER, PARTNERSHIP FOR THE ADVANCEMENT OF NEW AMERICANS, ALEXANDER DOE, MOHAMED DOE, TYSON DOE, and NINA DOE, on behalf of themselves and all others similarly situated, | * * * * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 26-cv-11201-ADB |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; [1] U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA, | * * * * * * * | |
| Defendants. | * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On April 1, pursuant to a schedule agreed upon by the parties, see [ECF No. 35]; [ECF No. 40], Defendants produced the certified administrative record at issue in this case, [ECF No. 42], with certain pages redacted, see [ECF No. 42-1 at 13–28, 290, 302]. The first group of redacted pages contains the fully redacted decision memorandum submitted to Secretary Noem,

---

[1] Mullin has been automatically substituted for Kristi Noem, who was Secretary at the time this action was filed. See Fed. R. Civ. P. 25(d).

[ECF No. 42-1 at 13–28], while the remaining two pages contain partially redacted data analyses, [ECF No. 42-1 at 290, 302].  Defendants assert that the redacted material in the decision memorandum contains pre-decisional deliberative materials subject to the deliberative-process privilege, [ECF No. 80 at 2–6], and that the redacted material in the data analyses—as well as in two sentences of the decision memorandum—contains material subject to law-enforcement privilege, [id. at 6–8].[2]  Now before the Court is Plaintiffs' motion to compel production of unredacted copies of those pages, [ECF No. 65].  Plaintiffs filed the motion on April 24, 2026, [id.], and after the Supreme Court's decision in Mullin v. Doe, Nos. 25-1083, 25-1084, 2026 WL 1825840 (U.S. June 25, 2026), and the Court's lifting of a stay that had been in place while that decision was pending, see [ECF No. 73], Defendants opposed on July 9, 2026, [ECF No. 80].  For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.      **DELIBERATIVE-PROCESS PRIVILEGE**

"To protect agencies from being 'forced to operate in a fishbowl,' . . . the deliberative process privilege shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated . . . .'" U.S. Fish & Wildlife Serv. v. Sierra Club, Inc., 592 U.S. 261, 267 (2021) (first quoting Env't Prot. Agency v. Mink, 410 U.S. 73, 87 (1973); and then quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)).  "Predecisional, deliberative documents . . . are exempt from disclosure," whereas "documents reflecting a final agency decision and the reasons supporting it . . . are not."  Id. at 268 (citing Renegot. Bd. v. Grumman

---

[2] Defendants filed unredacted copies with the Court, which were reviewed in camera.

Aircraft Eng'g Corp., 421 U.S. 168, 186 (1975)).  As relevant here, if the agency makes "an 'express' choice to use a deliberative document as a source of agency guidance," Jud. Watch, Inc. v. U.S. Dep't of Def., 847 F.3d 735, 739 (D.C. Cir. 2017) (quoting Sears, 421 U.S. at 161), the document "lose[s] its predecisional character—and the protections of the privilege," id.  See N.H. Right to Life v. U.S. Dep't of Health & Hum. Servs., 778 F.3d 43, 54–55 (1st Cir. 2015). For a court to "properly find adoption," the record must reflect both "reliance on a document's conclusions" and "reliance on a document's analysis."  Id. at 55 (quoting Nat'l Council of La Raza v. Dep't of Just., 411 F.3d 350, 358 (2d Cir. 2005)).

The Court, like others recently faced with assertions of deliberative-process privilege in the context of TPS revocations, see [ECF No. 66 at 6 (collecting rulings)], concludes that the decision memorandum was adopted by Secretary Noem such that the deliberative-process privilege no longer attaches.  The document concludes with a section entitled "Secretary's Decision," after which the Secretary signed her full name on the line corresponding to a termination decision, [ECF No. 42-1 at 28], and that signed decision page follows an extensive memorandum addressed to the Secretary—titled "Decision"—that comprehensively lays out a rationale for the TPS termination, see generally [id. at 13–28].  In light of the form and substance of the document, the Court concludes that the Secretary's signature adopted not only the decision itself but also the reasoning encompassed in that document, and that, as a result, the deliberative-process privilege is not applicable.

## II.    LAW-ENFORCEMENT PRIVILEGE

"The law enforcement privilege is a qualified one that 'serves to preserve the integrity of law enforcement techniques and confidential sources,'" among other purposes.  Sulemane v. Mnuchin, No. 16-cv-01822, 2019 WL 77428, at *5 n.8 (D.D.C. Jan. 2, 2019) (quoting Tuite v.

3

Henry, 181 F.R.D. 175, 176–77 (D.D.C. 1998), aff'd, 203 F.3d 53 (D.C. Cir. 1999) (unpublished table decision)).  To invoke the privilege, "the head of the department having control over the requested information" must make "a formal claim of privilege" based on "actual personal consideration" that identifies, with specificity, "the information for which the privilege is claimed" and explains "why it properly falls within the scope of the privilege."  Id. (quoting In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988)).  The privilege "is not absolute" and "may be overcome by a sufficient showing of authentic necessity," Gulluni v. Levy, 85 F.4th 76, 85 (1st Cir. 2023) (first citing United States v. Cintolo, 818 F.2d 980, 1002 (1st Cir. 1987); and then citing Puerto Rico v. United States, 490 F.3d 50, 64 (1st Cir. 2007)).  Courts "must balance the interests between preserving law enforcement techniques and the need for disclosure."  Id. (citing and summarizing Puerto Rico, 490 F.3d at 64); see Tuite v. Henry, 98 F.3d 1411, 1417 (D.C. Cir. 1996) (quoting In re Sealed Case, 856 F.2d at 272) (providing ten factors to consider).

Defendants have complied with the proper procedure to invoke the law enforcement privilege.  Their invocation of the privilege is accompanied by a declaration by the deputy director of the FBI's Threat Screening Center ("TSC"), who is "responsible for the overall operations of the TSC" and "maintain[s] the [TSC's] Terrorist Screening Dataset (TSDS)." [ECF No. 80-2 ¶ 1].  She explains that the redacted information in the administrative record concerns "the number of individuals within [a given] population that are listed in the TSDS," [id. ¶ 9], and that the government does not publicly disclose such information because it can support inferences about who is in the TSDS and how effectively the TSDS is functioning.  [Id. ¶¶ 11–14].  Against the real and specific government interest in keeping that information nonpublic, Plaintiffs make no showing of "authentic ne[ed]" for the information, Gulluni, 85 F.4th at 85; instead, they question whether the data "could create any risk of circumvention of the law" or

otherwise reveal law enforcement techniques, [ECF No. 66 at 9].  The Court concludes, on balance, that disclosure of this information, even pursuant to a protective order, is unwarranted in light of the national security interests at stake and the minimal relevance of the information to Plaintiffs' claims.

### III.       CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel, [ECF No. 65], is **GRANTED IN PART** and **DENIED IN PART**.  Defendants are **ORDERED** to place an unredacted copy of the decision memo on the docket by July 29, 2026. [3]

**SO ORDERED.**

July 24, 2026                                                          */s/ Allison D. Burroughs*
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE

---

[3] The two sentences on page 10 of the decision memo referred to on page 8 of Defendants' opposition, [ECF No. 80 at 8], may be redacted pursuant to the law-enforcement privilege.