# United States Court of Appeals
## For the First Circuit

No. 26-1832

AFRICAN COMMUNITIES TOGETHER, on behalf of themselves and all others similarly situated; PARTNERSHIP FOR THE ADVANCEMENT OF NEW AMERICANS, on behalf of themselves and all others similarly situated; ALEXANDER DOE, on behalf of themselves and all others similarly situated; MOHAMED DOE, on behalf of themselves and all others similarly situated; TYSON DOE, on behalf of themselves and all others similarly situated; NINA DOE, on behalf of themselves and all others similarly situated,

Plaintiffs - Appellees,

v.

MARKWAYNE MULLIN, in the official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES OF AMERICA,

Defendants - Appellants.

Before

Aframe, Lynch, and Dunlap,
Circuit Judges.

**JUDGMENT**

Entered: August 3, 2026

The government has filed an appeal from the district court's July 2, 2026, order in part continuing its administrative stay of the temporary protected status termination that is at issue in the underlying district court proceedings. On July 21, 2026, the government moved for summary reversal and in the alternative for mandamus relief, seeking an order from this court "summarily vacat[ing] the district court's administrative stay and direct[ing] it to promptly adjudicate [p]laintiffs' underlying [5 U.S.C.] § 705 motion."   Plaintiffs responded on July 24, 2026, and the government replied on July 27, 2026.

Complicating matters, we note that on July 31, 2026, with this appeal pending, the district court issued an order in which it stated that, upon receipt of mandate from this court, (1)  the challenged administrative stay would be dissolved, and (2)  a new administrative stay would enter. The district court thus appeared to assume that it did not have jurisdiction to enter an order that

would be effective immediately, likely because of the pendency of this appeal.  We are therefore inclined to treat the July 31, 2026, order as an indicative ruling that the court would grant relief the government seeks here -- dissolution of the existing administrative stay -- if jurisdiction were returned to that court.  See Fed. R. Civ. P. 62.1; see also United States v. Rodriguez-Milian, 820 F.3d 26 (1st Cir. 2016) (treating district court order granting compassionate release while sentencing appeal was pending as an indicative ruling).  In light of the district court's July 31, 2026, order, we remand for further proceedings and decline to retain jurisdiction.  See Fed. R. App. P. 12.1(b).  Furthermore, it is the view of this court that the district court must rule promptly on the motion before it and nothing in this judgment should be read to approve the briefing deadlines set by that court.  The appeal is dismissed.  Mandate shall enter forthwith.

**DUNLAP, Circuit Judge, dissenting.**  This proceeding concerns the Secretary of Homeland Security's revocation of Temporary Protected Status ("TPS") for Somalia.  On July 2, 2026, the district court denied the government's request to lift the administrative stay that had been in place while the Supreme Court considered a challenge to the revocation of TPS for Syria and Haiti in Mullin v. Doe, 146 S. Ct. 2121 (2026) -- a case, decided by the Court on June 25, 2026, which bore directly on the claims asserted by the plaintiffs in this case.  The administrative stay was temporally indefinite:  According to the July 2 order, it was to "remain in place until further notice to permit the [c]ourt to resolve the issues" presented by the plaintiffs.[1]  The stay has been in place for longer than a temporary restraining order ("TRO") may lawfully be in force.  See Fed. R. Civ. P. 65(b)(2).  The government appealed the July 2 order.  We have jurisdiction because, as explained below, the stay has the practical effect of granting an injunction.  28 U.S.C. § 1292(a)(1); see Abbott v. Perez, 585 U.S. 579, 594 (2018).  The stay ought to be vacated.

I see no basis to issue an open-ended administrative stay here.  An "administrative stay is supposed to be a short-lived prelude to the main event: a ruling on the motion" for preliminary relief.  United States v. Texas, 144 S. Ct. 797, 799 (2024) (Barrett, J., concurring).  There is no doubt that an administrative stay can be a valid tool when rightly employed; it may be used, for instance, to allow a court "time to deliberate."  Id. at 798.  But administrative stays also create a risk of misuse by allowing a court to avoid the necessity of assessing whether a movant has carried its burden to obtain injunctive relief -- including by demonstrating likelihood of success on the merits -- even while effectively granting such relief.  Id. at 799; see Nken v. Holder, 556 U.S. 418, 425-26 (2009) (describing movant's burden to obtain a stay pending appeal); Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 17-18 (1st Cir. 2006) (describing movant's burden to obtain preliminary injunctive relief).  The stay in this case went too far because it effectively granted injunctive relief for an indeterminate period without any assessment of plaintiffs' entitlement to an injunction.  Indeed, after denying the government's request to lift the administrative stay, the district court set a schedule contemplating that briefing as to the propriety of preliminary injunctive relief would not be completed for over a month -- longer than is typically allowed.  See D. Mass. L.R. 7.1(b)(2).  As a result, the administrative stay would necessarily last (and has in fact lasted) longer even than a TRO -- which itself requires that a movant demonstrate

---

[1] On July 31, 2026, the district court issued a further order which has the effect (upon issuance of our mandate in this appeal) of dissolving the stay that had been maintained by the July 2 order and entering a new indefinite administrative stay.  My colleagues treat the July 31 order as an indicative ruling that grants the government's requested relief, but I doubt the usefulness of that step given the springing administrative stay that effectively continues the prior stay.

entitlement to relief -- without any justification.  <u>See</u> Fed. R. Civ. P. 65(b).  By issuing such relief, the district court has effectively obviated plaintiffs' ordinary burden to obtain injunctive relief, an outcome that is all the more remarkable given the Supreme Court's rejection in <u>Mullin</u> of the claims asserted in this proceeding.  <u>See</u> 146 S. Ct. at 2127-28.

In my view, "the time" has "come" where the circumstances surrounding a court's issuance of an administrative stay compel the conclusion that the stay is effectively, and impermissibly, an injunction.  <u>Texas</u>, 144 S. Ct. at 800 (Barrett, J., concurring).   I respectfully dissent.

By the Court:

Anastasia Dubrovsky, Clerk

cc:  Hon. Allison Dale Burroughs, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, Ashley Michelle Burrell, Ayomide Odunsi, Morenike Fajana, Sadaf Hasan, Collin Poirot, Erik Matthew Crew, Nargis Aslami, Abbey Rose Koenning Rutherford, Melissa Shay Keaney, Kacey Ann Mordecai, Lauren Carbajal, Donald Campbell Lockhart, Robert Edward Richardson, Abraham R. George, Jeffrey Michael Hartman, Sarah Welch, Tasha J. Bahal, Matthew P. Horvitz, Nathaniel R. B. Koslof, Asti Gallina, Alyssa Melter, Devra Cohen, Cinda Fernald, Mikaela Louie, William Kenick, Graham Fulton, Lynne M. Cohee, Bob C. Sterbank, Malcolm Seymour, Annabelle Cathryn Wilmott, Michael Louis Newman, Jesse P. Basbaum, Vilma Palma-Solana, Joseph Robert Richie, Barbara D. Underwood, Zoe Levine, Judith N. Vale, Cleland B. Welton, Kathleen Jennings, Dana Nessel, Brian L. Schwalb, Aaron D. Ford, Anne E. Lopez, Jennifer Davenport, Kwame Raoul, Daniel A. Rayfield, Aaron M. Frey, Charity R. Clark, Anthony G. Brown, Nicholas W. Brown