UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AFRICAN COMMUNITIES TOGETHER, PARTNERSHIP FOR THE ADVANCEMENT OF NEW AMERICANS, ALEXANDER DOE, MOHAMED DOE, TYSON DOE, and NINA DOE, on behalf of themselves and all others similarly situated, | * * * * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 26-cv-11201-ADB |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security;[1] U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA, | * * * * * * * * | |
| Defendants. | * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

In its decision filed yesterday, the First Circuit advised that "the district court must rule promptly on the motion before it." See [ECF No. 95 at 2]. Shortly thereafter, the government filed a motion to lift the administrative stay entered by the Court, [ECF No. 94], while briefing on Plaintiffs' emergency motion, [ECF No. 91], was pending. See [ECF No. 97].

---

[1] Mullin has been automatically substituted for Kristi Noem, who was Secretary at the time this action was filed. See Fed. R. Civ. P. 25(d).

The Court's decision to enter an administrative stay was informed by the fact that if or when the revocation of TPS takes effect, over a thousand people may face "grave risks . . . of severe physical violence" if removed to a country suffering a humanitarian crisis that has led the President to refer to it as one of the "most dangerous" in the world, as well as "forced separation from community and family in the United States . . . including their minor, U.S. citizen children," all due to an abrupt reversal of a government policy that has been in place for three-and-a-half decades.  See [ECF No. 90 ¶¶ 4, 9, 10, 125, 134].  Those potential consequences, combined with the separation-of-powers issues inherent in judicial review of executive action, convinced the Court of the need to proceed carefully, though under a reasonable time frame, which the Court explained both in its initial order granting an administrative stay, [ECF No. 33], and in the order granting the administrative stay at issue here, [ECF No. 94].  The Court concluded, and continues to believe, that an administrative stay was a fitting procedural device "to permit time for briefing and deliberation," United States v. Texas, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring), under the circumstances.

When the Court entered the first administrative stay at issue in this case, it noted that it would "require the parties to establish and comply with a prompt briefing schedule with the goal of resolving Plaintiffs' emergency motion for preliminary relief as quickly as possible," and stated that it would enter the stay in part "to permit Defendants to produce the certified administrative record."  [ECF No. 33 at 3].  Pursuant to that order, the parties submitted a jointly agreed-upon briefing schedule, [ECF No. 35], and the government did not raise any concerns about unreasonable delay or the propriety of an administrative stay.  The parties proceeded according to that schedule, and the Court was prepared to rule on the motion promptly upon completion of briefing, but following oral arguments in Mullin v. Doe, 146 S. Ct. 2121 (2026),

2

the parties agreed to stay the action pending the Supreme Court's decision in that case.  [ECF No. 71]; [ECF No. 72].  Accordingly, the Court notes that the government appears to have assented, without raising any objection, to the stay of this action from March 2026 until the Supreme Court's decision in Mullin, which was handed down at the end of June 2026.

In light of the fact that the Mullin decision resolved some, but not all, of Plaintiffs' claims, see Mullin, 146 S. Ct. at 2137–39 (declining to decide reviewability of constitutional claims and resolving equal-protection claim on case-specific factual grounds), as well as Plaintiffs' stated intent to amend their pleadings to bring new claims and further develop those that remained after Mullin, [ECF No. 79 at 2–3], the Court concluded that there was not yet reason to lift the administrative stay.  [ECF No. 78].  After reviewing briefing schedules proposed by the parties, [ECF No. 79 at 4], the Court concluded that a roughly six-week briefing schedule, which was similar to the briefing schedule on which the parties had agreed in March, [ECF No. 35 at 1–2], was appropriate.  [ECF No. 82].

At that point—though it remained quite willing to seek extensions of time in other cases, see, e.g., Doe v. U.S. Dep't of Homeland Sec., 25-cv-12245, Dkt. No. 71 (D. Mass. July 31, 2026), and though it had not opposed staying this action pending the Supreme Court's decision in Mullin, see [ECF No. 72]—the government began to strenuously object to this Court seeking further briefing and continuing the administrative stay while that briefing was pending, in written submissions in this case, e.g., [ECF No. 77]; [ECF No. 79]; [ECF No. 97]; on appeal of this case, [ECF No. 84]; and in public comments by the general counsel of DHS, in which he complained about the court setting a "sluggish briefing schedule" and identified the resulting evil as "effectively granting Somalis a wind down period that DHS expressly declined to grant."

Leaving aside the shameful cruelty inherent in eschewing a "wind down period" for people under threat of deportation, many of whom are productive members of our communities who have lived here for years, built a life here, worked here and raised their families here, the Court is mindful of both the Supreme Court ruling and the recent First Circuit judgment in this case. That said, the Court will also not abdicate its responsibility to make thoughtful, well-reasoned decisions after affording all parties a full and fair opportunity to be heard. It is therefore **ORDERED** that Plaintiffs respond to Defendants' motion to lift the stay, [ECF No. 97], by 5:00 p.m. on August 5, 2026. The Court further amends the scheduling order on supplemental briefing, [ECF No. 82]. Pursuant to the amended schedule, Defendants' brief is also due by 5:00 p.m. on August 5, 2026, and any reply brief by Plaintiffs will be due by 5:00 p.m. on August 6, 2026. The Court anticipates a decision on Defendants' motion, which will be accompanied by a decision on Plaintiffs' emergency motion if the Court decides to lift the administrative stay, early next week. Should Defendants return to the First Circuit prior to that as they threaten in their motion, the Court will assume that it has lost jurisdiction, which will delay its rulings.

**SO ORDERED.**

August 4, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

4