UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AFRICAN COMMUNITIES )
TOGETHER, et al., )
  *Plaintiffs*, )
  )
v. ) Case No. 26-cv-11201-ADB
  )
MARKWAYNE MULLIN, )
*in his official capacity as* )
*Secretary of Homeland Security*, )
et al. )
  *Defendants*. )

## NOTICE OF RECENT DECISIONS

Defendants respectfully file this Notice to bring to the Court's attention three recent district court decisions relevant to the issues before this Court.

First, on August 7, 2026, in *African Communities Together, et al., v. Markwayne Mullin, et al.,* No. 25-cv-13939 (D. Mass. Aug. 7, 2026), Doc. No. 122, the court denied the plaintiffs' motion to amend their complaint to add two new claims that were not raised or addressed by the Supreme Court in *Mullin v. Doe,* 146 S. Ct. 2121 (2026), as well the plaintiffs' renewed motion for postponement based on the proposed new claims. One of the proposed new claims was an *ultra vires* claim that only the Attorney General, and not the Secretary of Homeland Security, could terminate a TPS designation. The court disagreed. The other proposed new claim was a proposed due process claim asserting that the plaintiffs have constitutionally protected liberty and property interests in South Sudan's TPS designation because it affords them protection against removal and authorization to work. The court determined that the plaintiffs' proposed procedural due process claim was closer to a challenge to a "generally-applicable" agency action and that the plaintiffs thus had no invocable individual liberty or property interests in the TPS

1

designation.  The plaintiffs also contended that the former Secretary violated their due process rights by failing to consult with appropriate agencies and to publish the true basis for the TPS termination in the Federal Register, but the court rejected this claim as a repackaging of their previously asserted claims under the APA, which are not reviewable in light of *Mullin*, 146 S. Ct. at 2133-37. As a result of the court's ruling, the termination of South Sudan's TPS designation is in effect.

Similarly, in *Aung Doe, et al., v. Markwayne Mullin, et al.,* No. 25-C-15483 (N.D. Ill. Aug, 7, 2026), Doc. No. 115, the plaintiffs filed an amended complaint following the Supreme Court's decision in *Mullin v. Doe* in which they sought to pursue essentially the same new claims as did the plaintiffs in *African Communities Together*.  The court denied the *ultra vires* claim, agreeing with the government that the functions of the Attorney General had been transferred to the Secretary.  The court also rejected the due process claim.  In addition, the court rejected an additional new claim based on "bare animus" against TPS holders as a politically unpopular group.  The court denied the plaintiffs' motion to postpone; granted the government's motion to dismiss with respect to the plaintiffs' APA, *ultra vires*, due process, and "bare animus" equal protection claim; and denied the motion to dismiss as to the plaintiffs' race-discrimination equal protection claim, certifying that denial for interlocutory appeal under 28 U.S.C. § 1292(b). The upshot of the ruling is that the termination of Burma's TPS designation is in effect.

Finally, in an electronic order in *National TPS Alliance, et al., v. Markwayne Mullin, et al.,* No. 3:25-cv-05687 (N.D. Cal. Aug. 6, 2026), a case involving TPS terminations for Honduras, Nepal, and Nicaragua, the court denied the plaintiffs' post-*Mullin v. Doe* request to amend their complaint to add a due process claim as a First Claim and a claim for *ultra vires* action as a Fourth Claim.  The court advised the parties that they should be prepared to discuss at

a status conference whether the plaintiffs should be allowed to add a proposed Third Claim for bare animus.  The court did not address a proposed Second Claim for race discrimination in violation of the equal protection guarantee of the due process clause of the Fifth Amendment. The terminations of the TPS designations for Nepal, Honduras, and Nicaragua therefore remain in effect.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   */s/ Robert E. Richardson*
Robert E. Richardson
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Dated: August 11, 2026                                Robert.Richardson@usdoj.gov

## CERTIFICATE OF SERVICE

I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: August 11, 2026                          By:   /s/ Robert E. Richardson
Robert E. Richardson
Assistant U.S. Attorney

3