UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AFRICAN COMMUNITIES TOGETHER, et al., *Plaintiffs*, | ) ) ) ) | |
| v. | ) ) | Case No. 26-cv-11201-ADB |
| MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*, et al., *Defendants*. | ) ) ) ) ) ) | |

**DEFENDANTS' THIRD MOTION TO LIFT ADMINISTRATIVE STAY**

One hundred and fifty-three days ago, the Court entered a merits-agnostic grant of interim relief, preventing the government from implementing the decision of the Secretary of Homeland Security to terminate the TPS designation for Somalia, before the government had even appeared in this case. ECF No. 33.

Forty-nine days ago, the Supreme Court held that non-constitutional challenges to TPS terminations are not subject to judicial review and that an equal-protection challenge materially indistinguishable from Plaintiffs' challenge was not likely to succeed. *Mullin v. Doe*, 146 S. Ct. 2121 (2026).

Forty-three days ago, in light of the Supreme Court's decision, which eliminated any prospect of success on any claim Plaintiffs had pleaded, the government sought relief from the unreasoned grant of interim relief. ECF No. 77.

Forty-two days ago, the Court declined to dissolve its unreasoned grant of interim relief, instead ordering that it would remain in place "until further notice." ECF No. 78.

Thirteen days ago, with an interlocutory appeal and mandamus petition pending in the First

1

Circuit, this Court formally dissolved the "old" grant of interim relief and entered a "new" grant of relief on the same terms, with the same effect, and for the same reasons as before. ECF No. 94.

Ten days ago, the First Circuit made clear that this Court "must rule promptly" on Plaintiffs' motion for interim relief—meaning that this Court must, for the first time, assess whether Plaintiffs are actually likely to succeed on their attempts to challenge the termination of Somalia's TPS designation. *African Cmties. Together v. Mullin*, No. 26-1832 (1st Cir. Aug. 3, 2026).

Nine days ago, the Court announced that the Court "anticipates a decision" on the government's motion to lift the administrative stay, "which will be accompanied by a decision on Plaintiffs' emergency motion if the Court decides to lift the administrative stay," by "early next week" (i.e., now early this week). *Id.* To facilitate a decision by early this week, the Court shortened the briefing schedule, affording the government one day to file an opposition to Plaintiffs' renewed motion for interim relief and Plaintiffs one day to file a reply. ECF No. 98 at 4. In that order, the Court did not assess Plaintiffs' likelihood of success on the merits, but described the termination's lack of a "wind down period" as "shameful cruelty" and warned that the Court "will delay its rulings" if the government seeks additional relief in the First Circuit prior to the Court's decision. *Id.*

Last week, three courts rejected claims materially indistinguishable from the claims Plaintiffs pleaded after the Supreme Court's decision made plain that their first set of claims could not possibly support interim relief. *African Cmties. Together v. Mullin*, No. 25-cv-13939 (D. Mass. Aug. 7, 2026), Doc. No. 122; *Aung Doe v. Mullin*, No. 25-C-15483 (N.D. Ill. Aug. 7, 2026), Doc. No. 115; *Nat'l TPS Alliance v. Mullin*, No. 3:25-cv-05687 (N.D. Cal. Aug. 6, 2026).

Because the Court has not ruled on the anticipated timeline of "early [this] week," the government respectfully renews and reiterates its request to dissolve the administrative stay, which has functionally been in effect for five months today, for the reasons explained in the government's

2

Motion to Lift Abeyance and Lift Administrative Stay, ECF No. 77; the government's Second Motion to Lift Administrative Stay, ECF No. 97; and the government's briefs in support of its motion for summary reversal and mandamus in its interlocutory appeal, *African Cmties. Together v. Mullin*, No. 26-1832. The government anticipates seeking additional relief, consistent with the First Circuit's direction ten days ago that the Court "must rule promptly" on Plaintiffs' motion for interim relief, *African Cmties. Together v. Mullin*, No. 26-1832 (1st Cir. Aug. 3, 2026), if it becomes necessary.

Dated: August 13, 2026

Respectfully submitted,

DREW C. ENSIGN
*Deputy Assistant Attorney General*

SARAH WELCH
*Senior Counsel to the Assistant Attorney General*

/s/ *Lauren E. Bryant*
LAUREN E. BRYANT
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
PO Box 868, Ben Franklin Station
Washington, DC 20044
(202) 919-1366
Lauren.e.bryant@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

I, Lauren E. Bryant, hereby certify that pursuant to L.R. 7.1(a)(2), I confirmed that the government conferred with counsel for Plaintiffs in a good faith attempt to narrow or resolve the issues raised by this motion, and Plaintiffs oppose the relief requested.

Dated: August 13, 2026

<div style="margin-left:50%">

*/s/ Lauren E. Bryant*
LAUREN E. BRYANT
Trial Attorney

</div>

## **CERTIFICATE OF SERVICE**

I, Lauren E. Bryant, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: August 13, 2026                      By:      /s/ *Lauren E. Bryant*
                                                    LAUREN E. BRYANT
                                                    Trial Attorney